UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEQUANDRE LONZI HUNT,

           Plaintiff,          Civil Action No. 21-11987

v.                                    George Caram Steeh
                                    United States District Judge

JUSTIN HUNT,                  David R. Grand
                                    United States Magistrate Judge

           Defendant.
_____/

**REPORT AND RECOMMENDATION TO DENY
DEFENDANT'S MOTION TO DISMISS (ECF No. 19)**

    Before the Court is a Motion to Dismiss Pursuant to Fed. R. Civ. P. 4(m), filed by Defendant Justin Hunt ("Defendant") on April 11, 2022. (ECF No. 19). The basis of the motion is that Plaintiff Dequandre Hunt ("Plaintiff") filed his complaint in this action on August 18, 2021, and the United States Marshals did not send a Request to Waive Service of a Summons to Defendant until March 11, 2022. (*Id.*, PageID.43; ECF No. 16). Defendant argues that because Federal Rule of Civil Procedure 4(m) requires service of a summons and complaint within 90 days after the complaint is filed, i.e., November 16, 2021, in this case, dismissal is appropriate. (*Id.*). Defendant's argument lacks merit.

    Fed. R. Civ. P. 4(m) provides as follows:

> TIME LIMIT FOR SERVICE. If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time….

On March 8, 2022, this Court issued an Order Directing Service by the U.S. Marshal. (ECF No. 15). In that order, the Court explained the background of the case as follows:

> Pursuant to the Court's Order (ECF No. 6), the United States Marshal Service attempted service by U.S. mail of a Notice of a Lawsuit and Request to Waive Service of a Summons in this matter upon Defendant at the address Plaintiff provided in his complaint (Genesee County Sheriff's Department, 61002 Saginaw Street, Flint, MI 48504). However, on October 18, 2021, the United States Post Office returned this mailing as undeliverable. (ECF No. 10).
>
> As a result, on October 20, 2021, the Court ordered Plaintiff to provide Defendant's correct address. (ECF No. 11). On November 18, 2021, the Court received from Plaintiff a document in which he provided a new address for Defendant (630 South Saginaw Street, Flint, MI 48502). (ECF No. 12). Thus, on November 22, 2021, the Court ordered the U.S. Marshal to serve Defendant at the updated address provided by Plaintiff. (ECF No. 13).
>
> Subsequently, however, the Court was advised that the U.S. Marshal's attempt to serve Defendant at the updated address provided by Plaintiff was unsuccessful. No additional information was provided as to Defendant's correct address. However, it appears that the correct address for the Genesee County Sheriff's Office – Defendant's alleged employer – is 1002 South Saginaw Street, Flint, Michigan 48502. Since it appears Plaintiff initially added an additional digit to this address, the Court will direct the Marshal to make one last attempt to serve Defendant at what appears to be the Genesee County Sheriff's Office's correct address.

(*Id.*, PageID.36-37). Thus, on March 8, 2022, the Court ordered the U.S. Marshal to serve Plaintiff's complaint and the Request to Waive Service of a Summons on Defendant. Implicit in the Court's Order was an extension of the deadline for service, as provided in Rule 4(m). Moreover, on April 5, 2022 – *before* Defendant filed the instant motion to dismiss – he filed a signed Waiver of the Service of Summons form, expressly indicating,

2

"I waive any objections to the absence of a summons or of service." (ECF No. 18). Thus, the timing of the service documents is not a basis for dismissing Plaintiff's complaint.

For the foregoing reasons, **IT IS RECOMMENDED** that Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 4(m) **(ECF No. 19)** be **DENIED**.

Dated: April 20, 2022  s/David R. Grand
Ann Arbor, Michigan  DAVID R. GRAND
United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue

3

presented in the objections.

## CERTIFICATE OF SERVICE

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 20, 2022.

                                             s/Eddrey O. Butts
                                             EDDREY O. BUTTS
                                             Case Manager